## BLAKE *vs.* CROWNINSHIELD and al.

Of the computation of time.

When a contract is limited to be performed in so many days, without saying more, the true construction is that it is to be in so many days from the date ; and the time is to be computed exclusive of the day of the date.

Declaration, that the plaintiff elected to purchase 8555 acres of land, and proof that he elected to purchase all defendants' lands in E. the variance is fatal, unless that is found to be the quantity owned by defendants.

ASSUMPSIT on the following contract :

" Mr. Grinfill Blake agrees to purchase from John Crown-
' inshield and Richard Crowninshield three thousand acres
' of land, at fifty cents per acre, or a larger quantity if he
' pleases, the lots at said Blake's selection in any of the said
' lands ; all beyond the 3000 he is to have at ten per cent.
' less than the first named. This is to be from a quantity
' of land the said John and Richard own in the town of
' Errol, in the state of New-Hampshire ; the cash is to be
' paid before the delivery of the deed, which is to be a quit-

'claim deed, and to be given when Mr. Blake has made his 'selection and paid the money. The said Grinfill is to go 'on the lands, to make his own enquiries respecting the 'situation, or what appertains to them, so as to satisfy him- 'self respecting their title; then he is to have no further 'claim on the said John and Richard, but they are to be 'held free from any farther claim, of any name or nature, let 'their situation be whatever it may be, either embarrassed 'or clear from the claim of any other person. There is, or 'may be, one or two lots, we believe, partially promised : 'these are to be reserved. Mr. Blake is to have three months 'to satisfy himself, and after that time this agreement is to 'be null and void. It is understood the said John and Rich- 'ard are not to pay any expense in this business. *April 8,* '1835."

Blake
*vs.*
Crowninshield.

The declaration averred that the plaintiff elected to take 5555 acres, over and above the 3000 acres of the defendants' lands in Errol ; and notified them accordingly.

The case was tried upon the general issue. It appeared in evidence, that on the 8th day of July, 1835, the plaintiff, or some one acting under him, called upon the defendants, and notified them that the plaintiff would take all their lands, or all their right in lands in, Errol ; and tendered spe- cie in bags, which he said was sufficient to pay for the said lands, pursuant to the above contract, which was then ex- hibited to the defendants. The defendants did not then dispute the sufficiency of said tender in amount ; but refus- ed altogether to execute a deed of said lands.

Upon this evidence the defendant objected, that there was a fatal variance between the declaration and proof ; and that the tender was too late, and should have been on the 7th of July ; and the court being of that opinion directed a verdict for the defendants, subject to the opinion of the court upon the foregoing case.

*Young*, for the plaintiff, to the point that the tender was

Blake
*vs.*
Crowninshield.

in due time, cited the following authorities : 2 *Stark. Ev.* 782, 783 ; *Wheaton's Digest* 168 ; *Co. Lit.* 46, *b*, 202, (*a*) 201, *b. ; Portland Bank* vs. *Maine*, 11 *Mass. Rep.* 204 ; *Bigelow* vs. *Wilson*, 1 *Pick.* 485 ; 7 *Rep.* 28 ; 5 *T. R.* 283 ; 3 *T. R.* 623 ; *Doug.* 463 ; 3 *East* 407 ; 15 *Ves.* 248 ; 2 *Camp.* 294 ; and on the subject of variance, 1 *Ch. Pl.* 238 ; 2 *Mass. Rep.* 363 ; *Gove* vs. *Lovering*, 3 *N. H. Rep.* 292 ; *Wildman* vs. *Glossop*, 1 *B. & A.* 9 ; *Silver* vs. *Hazeltine*, 1 *Chit. Rep.* 39 ; *Parker* vs. *Palmer*, 4 *B. & A.* 387 ; 1 *Stark. Ev.* 401.

*Smith*, for the defendants, cited *Com. Dig.*, " *Temps*," *A ;* 3 *D. & E.* 623 ; 15 *Mass.* 193.

WILCOX, J. It is unnecessary, on this occasion, to go into a minute and extended examination of the English and American cases upon the computation of time, with a view to deduce from them a general rule applicable to this subject. The attempt, if made, would be full of difficulty ; and might lead to the opinion, that the " question must be considered as still open, and indeed of a nature so much at large as to be incapable of submission to a general rule."

It was laid down at an early date, and has often been repeated, that when computation of time is to be made from an act done, or from the time of an act, the day when the act is done is to be included. *Comyn's Dig.*, " *Temps*," *A ;* 3 *D. & E.* 623 ; *Doug.* 464 ; 5 *Coke* 1 ; *Croke James* 135 ; 3 *East* 407 ; *Woodf. Land. & Ten.* 163 ; 3 *Stark. Ev.* 1399.

Yet the actual decisions cannot be brought within any such rule. Indeed, so numerous are the exceptions already made, that the rule itself is nearly lost sight of, and in England at least is of doubtful authority. The tendency of the more recent decisions undoubtedly is to exclude the day of the act, unless to save a forfeiture, or for some other special reason it becomes necessary to reckon it inclusive. *Lester* vs. *Garland*, 15 *Ves.* 248 ; *Dowling* vs. *Foxall*, 1 *Ball &*

*Bent.* 193, 196 ; 1 *Chit. Gen. Prac.* 774, 765 ; 2 *Ch. Gen. Pr.* 148, 149 ; 2 *Cowen* 605, *ex parte Dean, & note ;* 4 *Green.* 298, *Windsor* vs. *China ;* 7 *Green.* 31, *Wing* vs. *Davis ;* 1 *Sergt. & Rawle* 411 ; 3 *Sergt. & Rawle* 496 ; 1 *Pick.* 494.

It is not so important which rule is adopted, as it is that uncertainty on this subject should be avoided.    And, in adverting to our own reports, we find it declared as the settled law of this state, that when a computation is to be made from an act done, or from the time of an act, the day when the act was done is to be included.    But in the computation of time from a date, or from the day of a date, the day of the date is to be excluded.    3 *N. H. R.* 94, *Priest* vs. *Tarlton ;* 4 *N. H. R.* 276, *Rand* vs. *Rand.*

We are not disposed to question the authority of these decisions.

It seems to be agreed that, where a note is made payable in a given number of days, the day of the date is excluded. *Chitty on Bills* 205 ; 6 *East* 14, *note ;* 3 *N. H. R.* 16.

By the agreement under consideration, the plaintiff was to have three months to satisfy himself ; and after that time the agreement was to be null and void.    But it is not expressed to be in three months from the act done of contracting or signing ; or in three months from the date or day of the date.    What then is to be the construction given to the language of the contract in this particular ?    We think the more natural and obvious construction is to refer to the date of the contract ; as if it had been said, the plaintiff is to have three months from the date.    Notes and obligations are usually so written, containing promises to pay in thirty or sixty days ; which is well understood to refer to the date of the instrument as the time from which computation is to be made.

The tender on the 8th of July was, therefore, sufficient.

As the cause must go down for a new trial, we have considered the objection to the evidence on the ground of vari-

ance from the allegation in the declaration. The allegation is precise, that the plaintiff elected to take 8555 acres; not even laying the number under a videlicet; while the proof is, that he elected to take all the defendants' lands in Errol. If it should appear that all the defendants' lands in Errol amounted to 8555 acres, the allegation would be well enough. 13 *East* 410, *Gladstone* vs. *Neal.*

But if they owned another, and a different quantity, the variance would be fatal. The objection, however, may be obviated by amendment. *New trial granted.*