CLINT WINSTON v. THE STATE.

*No. 7. Decided April 22.*

**1. Local Option Election—Discrepancy in Orders of Court as to Date of.**—On a trial for violation of local option, it was shown that the entry on the minutes of the Commissioners Court ordering the election fixed the date of the order on the 9th day of November, and the entry of the county judge of the fact of publication that the order for election was made on the 9th. The election was held the 25th of November. The order of the court after the canvass of the votes and declaring the result, as well as the published proclamation of the result, both recited that the order for election was made on the 10th of November. The contention being, that if made on the 9th, it was never published as required by law; and if made on the 10th, then fifteen days did not elapse between the date of the order and the election; and in either case the election was illegal and void. *Held:*

1. It is evident the order for election was made on the 9th.

2. The mere misprision or misrecital of the clerk of the date, under the facts, could in no way affect the merits of the election or avoid the will of the people as expressed at the ballot box.

3. Articles 3233, 3234, Revised Statutes, do not require the order declaring the result, the order of publication, nor the county judge's note on the minutes of the court, to state the date of the election ordered, and such statement may be treated as surplusage, which could in no way affect the legality of the election.

**2. Same — Election, Fifteen Days Notice of — Computation of Time—Construction of Statute.**—While article 3229, Revised Statutes, declares, that a local option election shall be held on a day not less than fifteen nor more than thirty days from the date of the order for the same made by the Commissioners Court, it is to be observed that the statute does not say fifteen days exclusive of the date of the order and day of election. *Held*, that in computing the time, an exception to the general rule is, that " the day from which the reckoning begins, as well as that on which it ends, may be included or excluded as will best preserve a right or exclude a forfeiture;" and applying this rule, if an order for local option was in fact made on the 10th of the month, and the election

held on the 25th, the election was " fifteen days from the date of the order," and consequently legal and valid.

**3. Same — Constitutional Amendment.** — Local option laws and districts established thereunder as they existed at the time, were in no manner affected by the constitutional amendment. Sec. 20, art. 16, adopted September 22, 1891.

APPEAL from the County Court of Hays.   Tried below before Hon. B. G. NEIGHBORS, County Judge.

Appellant was tried upon an information charging him with selling liquor in justice precinct number 1, of Hays County, Texas, after the sale of liquor had been prohibited in said precinct at an election held under the local option laws.   A jury was waived and the case submitted for trial to the court, which trial resulted in appellant's conviction, with his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The issue on the trial was the legality and validity of the local option law in justice precinct number 1, Hays County.

The facts essential to an understanding of the matters raising this issue are so clearly, though concisely, stated in the opinion as to require no additional statement.

After the State had introduced its evidence, the defendant moved to strike out all of the same, for the following reasons, viz.:

" 1.   The evidence introduced by the State fails to show any such election or order as set out in the information.

" 2.   Said evidence fails to show that there was a valid election held in the justice precinct number 1, and fails to show that any proper or legal order declaring the result of said election had been made, or that any legal publication of the proclamation of the result of said election was made, in this:

" The order of election is shown in the minutes to have been made on the 10th day of November, 1891, and the election held on the 25th day of November, 1891, and the notices of election recite an order made on the 10th day of November, 1891, and the proclamation of the election recites an order made on the 10th day of November, 1891, and the order declaring the result of said election recites an order made on the 10th day of November, 1891, and the order declaring the publication of the proclamation recites that said proclamation was made of the result of an election ordered on the 9th day of November, 1891, and the notice of the presiding officers of the election, directing them to hold an election. recites an order made on the 10th day of November, 1891, and therefore the election was held on a day less than fifteen days from date of order, and was illegal."   This motion was overruled.

*T. H. Franklin, Hutcheson & Crews* and *John Sehorn*, for appellant.

The judgment of the court herein is contrary to the law and the evidence, in this:

1. The evidence shows that the election was ordered on the 10th day of November, 1891, and held on the 25th day of November, 1891, said 25th day of November, 1891, being a day less than fifteen days from the date of said order.

2. The notices of election required to be given under the statute showed upon their face that they were notices of an election ordered on the 10th day of November, 1891, to be held on the 25th day of November, 1891, and thus showed that the election to be held was not legal.

3. The published proclamation of the result of the election showed on its face that the result proclaimed was of an election ordered on the 10th day of November, 1891, and held on the 25th of said month.

4. No notice of any election ordered on the 9th day of November, 1891, is shown by the records to have been given, and no order finding the result of an election ordered on the 9th day of November, 1891, is shown, and no proclamation of an election ordered on the 9th day of November, 1891, is shown.

5. The proclamation of the result of the election shows that the returns of said election were canvassed on the 7th day of December, 1881, nearly ten years before the election was held.

6. The order of the court proclaiming the result of the election and prohibiting the sale of liquor is legally insufficient, in this: It prohibits the sale of intoxicating liquor within the said justice precinct number 1, except for the purposes under the regulations of title 63, Revised Statutes of the State of Texas, until such time as the qualified voters therein may, at a legal election held for that purpose, by a majority vote, determine otherwise, and said title 63 has been amended since its enactment, and said amendments were in force when said order was entered, and the exceptions contained in said amendments differ materially from the exceptions originally contained in said title 63.

7. The said local option election and all orders preliminary thereto were and are illegal, in this: By amendment to the Constitution, adopted September 22, 1891, section 20 of article 16 of said Constitution is absolutely repealed, said amendment taking the place and being substituted for said section; and said amendment provides that the Legislature shall, at its first session, enact laws whereby qualified voters in named localities may determine whether the sale of intoxicating liquors shall be prohibited therein; and no laws have been enacted since the adoption of said amendment providing for elections to be held under said amendment, and all laws adopted under said section of the Constitution, as it existed prior to the amendment, were nullified and abrogated by the repeal of said section, and there was no law on November 25, 1891, under which the local

option election in precinct number 1, Hays County, Texas, could be legally held.

We submit each one of the above assignments as a proposition, and also submit the following propositions thereunder:

(1) If the election was ordered on the 10th of November, 1891, and held on the 25th of said month, it was held on a day less than fifteen days from the date of the order, and was illegal.

If it was ordered on the 9th of November, 1891, then no notice, return, proclamation, or declaration of the result of any election ordered on said day has been given, and prohibition has not, therefore, been legally established in said precinct.

The validity of the said election is dependent upon the regularity of the legal steps required to be taken before the election could be ordered, and each step in the progress to the final act of election must be legal, and legally taken, and each requirement of the law prerequisite to a legal election must be fully complied with. It is too late, after the election has been held, for the Commissioners Court to cure by resolutions a failure to comply with any of said prerequisites, or to cure defects in the performance of such prerequisites. When the election has been held, the jurisdiction of said court over the subject matter ceases.

(2) As title 63, Revised Statutes of Texas, had been amended prior to said election, the order of the court proclaiming the result of the election is illegal, in that it prohibits sale of liquor in precinct number 1, except where authorized by said title, making no reference to the amendments of said title. Said order, therefore, amounts to an absolute prohibition of the sale of liquor in said precinct, without any exceptions to or qualifications of said prohibition.

(3) The effect of the constitutional amendment on the subject of local option, adopted September 22, 1891, was to repeal the amended article, and with that repeal all local option laws dependent thereupon were also repealed, and there was no statute in effect at the time of said election in precinct number 1 under which a legal election could be held, and said election was therefore void. Art. 3, sec. 56, and art. 16, sec. 20, State Const., and amendment to last section, adopted Sept. 22, 1891; Dawson v. The State, 25 Texas Cr. App., 675; Mulkey v. The State, 16 Texas. Cr. App., 53; Freeze v. The State, 14 Texas Cr. App., 31; Prather v. The State, 14 Texas Cr. App., 453; Halfin v. The State, 5 Texas Cr. App., 212; Montgomery v. The State, 2 Texas Cr. App., 618; Penal Code, art. 16; The State v. Robinson, 19 Texas, 478; Stebbins v. The State, 22 Texas Cr. App., 32; The Irresistible, 7 Wheat., 552; Local Option Statutes, Willson's Crim. Stats., sec. 119; Curry v. The State, 28 Texas. Cr. App., 475; Boone v. The State, 10 Texas Cr. App., 418; Akin v. The State, 14 Texas Cr. App., 142; Donaldson v. The State, 15 Texas. Cr. App., 25; Ex Parte Kennedy, 23 Texas Cr. App., 77; Phillips v..

The State, 23 Texas Cr. App., 304; Ex Parte Sublett, 23 Texas Cr. App., 309; Ex Parte Kramer, 19 Texas Cr. App., 123; Smith v. The State, 19 Texas Cr. App., 444; Steele v. The State, 19 Texas Cr. App., 425; Lipari v. The State, 19 Texas Cr. App., 431; Cameron v. Thurmond, 56 Texas, 22.

*R. L. Henry*, Assistant Attorney-General, and *P. N. Springer*, for the State.—1. The only proper and legal evidence showing when said election was in fact ordered was the record itself, and when we look to it, we find that the same was made on the 9th day of November, 1891, ordering said election to be held on the 25th day of November, 1891, which was more than fifteen days from the date of the order.

2. The notices of said election did not show that they were notices of an election ordered on the 10th day of November, 1891, to be held on the 25th day of November, 1891. Said notices themselves only showed that the election would be held on the 25th of November, 1891, and that was all the law required should be shown. Sayles' Civ. Stats., art. 3230. The certificate of the clerk to said notices did recite, however, that said election was ordered on the 10th day of November, 1891. But said certificate was not required by law (article 3230, Sayles' Civil Statutes), and therefore could not be legally used to prove when said election was in fact ordered. It could not have been used to prove that fact even if it had been required by law, because we must look to the record itself to determine that fact, and not to unnecessary, immaterial statements made in a certificate of the clerk, which certificate was not even required by law. Such statements not being required, would not be any better evidence of the fact as to when said election was ordered than the mere verbal assertion of a stranger would be; and as appellant has failed to show that he has in any way been injured by such statements, he has no legal reason to complain.

3. It was wholly unnecessary for the proclamation to show when said election was ordered. The only office of such proclamation was to show, in the language of the statute, the result of said election. That is to say, that it was held on the 25th day of November, 1891, and that local option carried, etc. All of the statements made in said proclamation as to when said election was ordered, etc., are unnecessary, immaterial, and not required by law (Sayles' Civil Statutes, article 3234), and therefore would be no better evidence than such statements made in any other way by any other person; and as appellant has failed to show that any injury was done to him thereby, he has no legal grounds of complaint.

4. All of the notices of election showed affirmatively, that they were copies of the order of the court ordering same, and that said election would be held on the 25th day of November, 1891, and this was all that the law required. Rev. Stats., art. 3234.

5. The mistake in the order, stating that the returns of said election

were canvassed on the 7th day of December, 1881, instead of 1891, is shown by the face of the record to be a clerical error. Besides, no objection was made to said order on that ground in the court below, and hence it can not be taken advantage of on appeal. Allen v. Tarylor, 31 Texas, 124; also, 4 Texas, 348.

6. The reference to title 63 of the Revised Statutes of the State of Texas in said order was amply sufficient. Rev. Stats., art. 3234; Lipari v. The State, 19 Texas Cr. App., 431.

7. The amendment to the Constitution, adopted September 22, 1891, only refers to "such a subdivision as may be designated by the Commissioners Court of said county," and has no application to this case, since both the Constitution and laws relative thereto are exactly the same as they were when said local option law was adopted in said precinct.

In rendering the opinion in the case of Boone v. The State, 10 Texas Criminal Appeals, 418, Judge Hurt used the following language, to-wit: "The action of the Commissioners Court in ordering an election under the local option law, the election, and all of its incidents must conform strictly to the requirements of the statute, or the election will be void."

That being true, then let us take up the proceedings of the Commissioners Court in this case, and measuring each one by the requirements of the statute, step by step, in the order in which they were made, determine whether or not this local option law has been legally adopted in said precinct.

We take it that each and every order in such a proceeding must necessarily be the evidence, and the only evidence that could legally be used to prove the facts that it is required to show; that each one of such orders must stand or fall by itself, and that no one of such orders can be used to contradict the other. If this be true, then when we look to the record we find as a matter of fact that said election was ordered on the 9th day of November, 1891, to be held on the 25th day of November, 1891, which was more than fifteen days from the date of said order. It is true, that it was not stated in the body of said order when it was made, but that is not required, and the record shows conclusively that it was made on the 9th day of November, 1891; and there is positively nothing shown in said record to establish the fact that it was made on the 10th day of November, 1891. Applying the test we have laid down, then the record itself conclusively proves that said order was made on the 9th day of November, 1891; and no certificate of the clerk, or subsequent order of the court, reciting that it was made on a different date, could be used to prove such fact.

We come now to the second step—the notices of said election. And applying the same test, we find that it was only necessary for the clerk to copy said order of election and post such copies up as notices that said election would be held on the date therein stated. That was all the law

required. Sayles' Civ. Stats., art. 3230. He went a step further than the law required, however, and attached a certificate to said notices, in which he stated that said election was ordered on the 10th day of November, 1891, and appellant seeks to prove by this unnecessary, immaterial, and erroneous certificate of the clerk, that said election was ordered on the 10th day of November, 1891, instead of the 9th day of November, 1891, as shown by the record itself. We say that such statement in said certificate, as well as the certificate itself, was unnecessary, immaterial, and harmless to appellant, and proved nothing.

We come next to the election itself. Appellant does not question the fact that said election was properly held, except as to one point. He claims that the polls at voting box number 1 were closed thirty minutes before 6 o'clock, and that three voters, who would have voted against local option, were thereby deprived of casting their votes, which votes so cast would have changed the result of said election. He proposed to prove all of these facts by one Roger Byrne. Said evidence was objected to by the State, on the grounds, first, that the names of said voters were not given; second, that said witness could not say how such persons would have voted; and third, that the matters inquired about were irrelevant to any issue in the case, inadmissible for any purpose, and could not be inquired into in this prosecution; which objections were each and all sustained by the court, and appellant was thereby cut off from proving such facts in such way. We claim that the court committed no error in this ruling.

The next step is canvassing the returns of the election and making an order declaring the result.

Appellant makes two objections to this order. One is, that it prohibits the sale of intoxicating liquor within said precinct except for the purposes and under the regulations of title 63, Revised Statutes of the State of Texas. As the courts have decided this point adversely to appellant, we do not care to comment upon it. Rev. Stats., art. 3233; Lipari v. The State, 19 Texas Cr. App., 431.

The other objection is, that said order recites and refers to an election ordered on the 10th day of November, 1891, and held on the 25th day of November, 1891. In answer to this objection, we will only say, that the statement in said order, as to when said election was ordered, was unnecessary and not required by law, and was harmless to appellant. The law only required that said order should show the result of said election held on the 25th day of November, 1891. Rev. Stats., art. 3233. All of the requirements of the law were fully complied with, and all such unnecessary statements as to when the election was ordered were harmless and immaterial, and must, we think, be treated as surplusage.

We now come to the final step in the whole proceeding, the entry

made by the county judge in the minutes of the Commissioners Court, showing that the result of said election had been published as required by law.   To this entry appellant objects, on the ground· that the publication, to which this entry had reference, of the order declaring the result of said election, held on November 25, 1891, stated that said election was ordered on the 10th day of November, 1891.   To this objection we make the same answer that we have to the others, viz., that said statement as to when said election was ordered was unnecessary, immaterial, harmless to appellant, and not required by law.   Rev. Stats., art. 3234.

We have now gone over this whole case step by step, and it seems to us, viewing these proceedings from a reasonable standpoint, that the records conclusively show that each and every requirement of the statute in adopting this law has been fully and carefully complied with; that said election was legally ordered on the 9th day of November, 1891; that it was legally held on the 25th day of November, 1891; and that all the subsequent proceedings were legal and regular; and that there is absolutely no contradiction of such facts, save and except some unnecessary, irrelevant, and immaterial statements contained in a certificate of the clerk and some of the orders of the court.

But for the sake of argument, admitting that said election was ordered on the 10th day of November, 1891, which we do not admit, however, even then said election is valid, because in that case it was fifteen days from the date of said order until said election was held.   The language of the statute in reference to ordering such an election is, that it shall be held " upon a day not less than fifteen nor more than thirty days from the date of said order."   It will be observed that the word " exclusive" is not used in said statute (Revised Statutes, article 3229), and we must therefore construe it to mean just what it says; and if we do this, if we count the day on which said order was made and the day on which said election was held, it gives us sixteen days—one day more than the law requires; and if we exclude the day on which said order was made, it then gives us fifteen days.   Now, it is evident that the legislators did not mean to exclude either the day on which the order is made or the day on which the election is held; because if they had, they would, as they invariably do, have used the word " exclusive."   So, looking to the intent of the legislators, and giving this statute its legal construction, even if said election was ordered on the 10th day of November, 1891, we find· that it gives us sixteen days from the date of said order until said election was held.   Taking either one of these alternatives, we find that the requirement of the statute has been complied with, and that appellant's condition has not been bettered by raising this objection.

SIMKINS, JUDGE.—Appellant was indicted for a violation of the local option laws, in selling intoxicating liquor to one J. R. Miller, in justice

precinct number 1 of Hays County. Appellant admitted the sale, but denied that local option had been legally adopted in said justice precinct. A jury was waived, and on hearing the evidence the court entered a fine of $25, from which appellant appealed.

It was shown on the trial, that the Commissioners Court met on the 9th day of November, and adjourned on the 11th, and the order was made on the 9th. The order on the minutes of said court ordering the election purported to have been entered on the 9th day of November, defining the district, and ordering the election to be held on the 25th of November. On December 7, 1891, an order was entered on the minutes, reciting that the order for the election was made on the 10th day of November, and that the court had duly canvassed the votes of the election held on the 25th of November, and declared the result of the election, etc. In the proclamation of the result published in the newspaper it was again recited that the election was ordered on the 10th day of November. In the entry of the county judge of the fact of the publication it was recited that the order for the election was made on the 9th of November.

Two questions are raised by appellant: first, if the order for the election was made on the 9th of November, as stated in the order of the county judge, then it was never published as required by law; second, if the order was made on the 10th, then fifteen days did not elapse before the election; and in either case it was fatal to the proceedings.

1. Appellant contends, because the order of the county judge stated the election was ordered on the 9th of November, while the proclamation and order of court declaring the result both recited the election was ordered on the 10th of November, the court erred in admitting the order of the county judge in evidence. There is nothing in this objection. In the first place, as shown by the original entry in the minutes, the recital in the county judge's order was correct. The election was ordered on the 9th of November; and the clerk made the mistake in the proclamation in reciting that the order was made on the 10th, which mistake was also in the Commissioners Court's order declaring the result. Can the mere misprision or misrecital, by a clerk, of a date which could in no way affect the merits of the election, avoid the will of the people as expressed at the ballot box? In the McDaniel case, ante, page 16, where the order of the County Commissioners Court recited that the original order of the court ordering the election was made on the 8th of August, when in fact it was on the 13th of August, this court said: ''Article 3233, Revised Statutes, does not require the order declaring the result to state the date of the election ordered. Such statement was mere surplusage;'' citing Lipari's case, 19 Texas Criminal Appeals, 431, and others. In the next place, whether ordered on the 9th or 10th of November, it is clearly shown that but one local option election was ordered to be held by the Commissioners Court in precinct number 1 of Hays County, on the 25th

of November, 1891; that it was the result of this same election which was declared and ordered published by the Commissioners Court at their special session on December 7, 1891, as required by article 3233, Revised Statutes, and that it was this publication for four weeks which the county judge was required to note on the minutes of the Commissioners Court, under article 3234, Revised Statutes, and anything more than this, inserted in the minutes, was surplusage, which could in no way affect the election.

2. But let us concede that the election was in fact ordered on the 10th of November, and that the proclamation and order declaring the result was correct, and that the mistake occurred in the entry of the county judge, which was but surplusage; does it follow that the election will be void under article 3229, Revised Statutes, which declares that the election shall be held on a day not less than fifteen nor more than thirty days from the date of said order? It is to be observed that the statute does not say "fifteen days, exclusive of the date of order and day of holding the election." It is said that the rule, supported by nearly all modern cases, is, that the time should be computed by excluding the day from which the time is to be reckoned, and including the last day of the number constituting the specific period. Suth. Stat. Con., 135. It is also held, that in the computation of time, the day from which the reckoning begins as well as that on which it ends, may be included or excluded, as will best preserve a right or exclude a forfeiture. O'Connor v. Towns, 1 Texas, 115; Schnierle's case, 5 Rich. Law, 299; Evans v. Darlington, 5 Blackf., 320; Meredith v. Chancey, 59 Ind., 466; Jones' case, 42 Ark., 93. Conceding, therefore, the order was in fact made on the 10th day of November, we think that the 25th of November was, in the language of the statute, " fifteen days from the date of the order;" so that, whether the order was made on the 9th, as appears on the minutes of the Commissioners Court, or on the 10th, as appears in the notices of the clerk, is wholly immaterial. The election was legally appointed for the time fixed by law, and the proceedings were valid.

3. We see no force in the proposition that the constitutional amendment adopted September 22, 1891, affected in any way the local option law now in force, or the local option districts established thereunder.

There are no other questions that need be considered. We find no reversible error in the proceedings.

*Affirmed.*

Judges all present and concurring.