JEANNETTE WALKER *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Essex.    November 4, 1896. — November 24, 1896.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Time of Payment — "After one Year from Date."*

A policy of life insurance was issued for " the amount named in the schedule below." The schedule, besides naming a certain sum, was as follows : " This policy is in immediate benefit from its date as stated in this schedule. In the event of the death of the insured within six calendar months from date hereof, only one fourth of this sum shall be paid. In the event of such death after six months and within a year, one half of this sum shall be paid. After one year from date, policy will be in force for full amount." *Held,* in an action upon the policy, that the day of its date was to be excluded in computing the year.

CONTRACT, upon a policy of insurance issued by the defendant on the life of Charles F. Walker, and payable to the plaintiff, who was his wife.    The case was submitted to the Superior Court, and, after judgment for the plaintiff in the sum of $67.60, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*F. L. Hayes,* for the defendant.

*N. N. Jones,* for the plaintiff.

MORTON, J.    The defendant promised to pay to the beneficiary " the amount named in the schedule below," subject to certain conditions not now material.    The amount was $75, and the schedule was as follows : " This policy is in immediate benefit from its date as stated in this schedule.    In the event of the death of the insured within six calendar months from date hereof, only one fourth of this sum. shall be paid.    In the event of such death after six months and within a year, one half of this sum shall be paid.    After one year from date,

policy will be in force for full amount." It was also provided that "the company shall not be liable for any loss before noon of the date hereof." The policy was dated July 25, 1894, and the insured died at 6 o'clock and 45 minutes A. M., July 25, 1895. The question is whether he died "after one year from date" of the policy, and the answer depends on whether the day of the date of the policy is to be included in the year, or excluded.

In the absence of anything tending to show a contrary intention, the words "from date" exclude the day of date. See *Bigelow* v. *Wilson*, 1 Pick. 485; *Buttrick* v. *Holden*, 8 Cush. 233; *Seekonk* v. *Rehoboth*, 8 Cush. 371; *Fuller* v. *Russell*, 6 Gray, 128; *Bemis* v. *Leonard*, 118 Mass. 502; *Kendall* v. *Kingsley*, 120 Mass. 94; *Seward* v. *Hayden*, 150 Mass. 158; *Isaacs* v. *Royal Ins. Co.* L. R. 5 Ex. 296.

The plaintiff contends, in substance, that the policy took effect on the day of its date, and that therefore the words "from date" are to be construed inclusively, rather than exclusively, and that such must have been the intention of the parties.

But the fact that the policy took effect on one date, and not on another, has of itself no tendency to show that it is to be paid on one date, and not on another. The operative words are those which relate to the payment of the insurance, and not to its attachment. They provide that the full amount is not to be paid till after one year from the date of the policy. The time of payment is also fixed by providing, not only that it shall be one year from the date of the policy, but that it shall be one year after that date, excluding as it seems to us the date of the policy. We think, therefore, that in accordance with the terms of the report judgment should be entered for $32.50, with interest from the date of the writ; that being the amount to be paid in the event of the death of the insured after six months and within one year from the date of the policy, and it is

*So ordered.*