RATCLIFF v. LOUISIANA INDUSTRIAL LIFE INS. CO., Inc.

No. 16264.

Court of Appeal of Louisiana. Orleans.

Feb. 24, 1936.

See, also, 163 So. 428.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Peter Ratcliff died in the city of New Orleans on February 5, 1935, as a result of "chronic nephritis with edema, uremia." His brother, the beneficiary named in the policy, brought this suit against the defendant, Louisiana Industrial Life Insurance Company, for $184, on a policy of industrial life insurance issued to Peter Ratcliff on February 5, 1934. The policy sued on is called "Endowment at Age 80 Weekly Premium Policy" and calls for the payment at the end of the endowment period or prior death of the insured of $184. It contains a clause reading: "One-quarter of the above mentioned benefit is payable if death occur within six calendar months from date hereof; one-half after six months and the full amount if death occur one year thereafter."

Upon the reverse of the policy, under the caption "Conditions," we find the following: "If the insured has been attended by a physician for any serious disease or complaint, or has had before the date this policy was issued any Pulmonary disease, Chronic Bronchitis, Cancer or disease of the Heart, Liver or Kidneys, or if death results from any of these causes before the policy is in force more than a year, then only one-half of the amount herein specified shall be payable to the beneficiary."

The defendant contends that by the application of the first-quoted clause the principal amount of the policy is reduced by one-half, and that, as a result of the application of the second-quoted clause, it is further reduced to one-fourth of the principal sum, or $46, which it acknowledges to be due.

Counsel argues that the effect of these two clauses limiting the amount of the coverage, in the one case to one-half of "the above mentioned benefit" and in the other case to "one-half of the amount herein specified," are cumulative. But we do not think so. To say the least, the presence of both clauses in the policy results in confusion and ambiguity, a situation which, under familiar principles, calls for construction in a manner most favorable to the assured. In our opinion the one-half benefit in each instance refers to the principal sum, or $184, and is alternative in its effect. Both clauses in the policy are substantially the same in so far as the time limit is concerned. "If death occur one year thereafter," is, in effect, the same as if "death results before the policy is in force for more than a year," in the view which we take of the matter. It

will be remembered that the assured died on the anniversary date of the policy, February 5, 1935, the policy having been issued on February 5, 1934. The question is, whether we should include the first date in determining whether death occurred one year after February 5, 1934. If this policy stipulated, as many life insurance policies do, that it would be in effect from 12 o'clock noon, February 5, 1934, we should have little difficulty in concluding that after 12 o'clock noon, February 5, 1935, it had been in effect more than a year, as was held in the case of Edington v. Michigan Mutual Life Ins. Co., 134 Tenn. 188, 183 S.W. 728, where such a stipulation was interpreted.

The following note is found in 49 L.R.A. 202: "The general current of the modern authorities on the interpretation of contracts, and also of statutes where an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated and include the last day of the specified period. (Numerous authorities.)

See, also, Walker v. John Hancock Mutual Life Ins. Co., 167 Mass. 188, 45 N.E. 89, 90. The words used in the instant policy, "one year thereafter," as indicating when the policy shall be in full benefit, are equivalent to "after one year" and "one year from the date thereof." To quote from the Massachusetts case of Walker v. John Hancock Mutual Life Ins. Co., supra: "The operative words are those which relate to the payment of the insurance, and not to its attachment. Those provide that the full amount is not to be paid till after one year from the date of the policy. The time of payment is fixed by providing not only that it shall be one year from the date of the policy, but also that it shall be one year after that date, excluding, as it seems to us, the date of the policy."

The English case of South Staffordshire Tramways Co. v. Sickness & Accident Life Assurance Co., Ltd., [1891] 1 Q.B., 402, contains a most interesting and able discussion of the subject. In that case the plaintiffs sued for a loss which occurred November 24, 1888, upon a policy issued November 24, 1887, which insured the plaintiffs "for twelve calendar months from November 24, 1887." The able author of the opinion says: "The first question raised is whether or not November 24, 1888, the day on which this event occurred, is included in the period covered by the policy. The insurance being 'for twelve calendar months from November 24, 1887', obviously either November 24, 1887, or November 24, 1888, must be excluded, for otherwise the period covered would exceed twelve calendar months by one day. I decide without hesitation that the former date is excluded and the latter included. If space were in question and a mile to be measured 'from' a given place, it is obvious that no part of the place could be included in the mile, and similarly, I cannot but think that, as regards time, 'from' is akin to 'after', and excludes the date fixed for the commencement of the computation. As was said in argument, had the words been, 'for one day from November 24th, 1887' it could not have been contended that November 24, 1887 was itself included. The defendants are, therefore, in my opinion, liable."

The question is not free from doubt, and there are cases holding that the day of the issuance of the policy should be included. See Couch, "Cyclopedia of Insurance Law," vol. 6, § 1346; Matthews v. Continental Casualty Co., 78 Ark. 81, 93 S.W. 55.

In view of the conflicting state of the jurisprudence, it is contended that we should apply the rule of construction which would prevent a forfeiture. In State v. Asbury, 26 Tex. 82, 83, the court said: In computing time, "such a construction should be given as will operate most to the ease of the party entitled to favor," and as would tend to avoid forfeitures. (Texas & P. R. Co. v. Goodson, 2 Willson, Civ.Cas.Ct.App. § 27; O'Connor v. Towns, 1 Tex. 107; Winston v. State, 32 Tex.Cr.R. 59, 22 S.W. 138; Blake v. Crowninshield, 9 N.H. 304; Dowling v. Forall, 1 Ball. & B. 195).

In Mansur v. Abraham (La.App., 1st Cir.) 159 So. 146, 147, we find the following: "'Another conservative principle which should affect the determination of the question is that the computation of time should be so made as to protect a right and prevent a forfeiture, if this can be done without violating a clear intention or a positive provision.' 17 R.C.L. 754."

But here we are not considering a forfeiture because the policy was never in full benefit unless and until the insured lived for more than a year after the date of its issuance. Until that time the policy was equivalent to one for $46 for the first six months and for $92 for the second

six months. .The cases concerning forfeitures are, therefore, not applicable.

When this matter first came up for a hearing in this court, the judgment appealed from was affirmed by us upon motion of counsel for appellee, who invoked rule VII of the court. The proper showing having been made, the case was again fixed for argument. A consideration of the briefs and arguments presented on rehearing has convinced us that the judgment appealed from should be amended.

It is therefore ordered that our former decree be set aside, and that the judgment appealed from be amended by reducing the amount awarded plaintiff from $184 to $92, and, as thus amended, it is affirmed, the costs of the trial court to be borne by defendant appellant, and costs of appeal by plaintiff appellee.

Amended and affirmed.