**169 So. 572**

### RATCLIFF v. LOUISIANA INDUSTRIAL LIFE INS. CO.

#### No. 33885.

#### June 30, 1936.

Gill & Simon, of New Orleans, for Ford Ratcliff.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for Louisiana Industrial Life Ins. Co.

O'NIELL, Chief Justice.

The plaintiff is the beneficiary named in a policy of insurance issued by the defendant, Louisiana Industrial Life Insurance Company, for $184, on the life of Peter Ratcliff. The policy was dated and delivered on the 5th day of February, 1934. The insured died on the 5th day of February, 1935; that is, on the first anniversary of the date of the policy. The question is whether the beneficiary is entitled to $184, or only $92. The city court

gave judgment for the $184. The Court of Appeal reduced the amount to $92. 165 So. 881. The plaintiff has brought the matter here on a writ of review.

The dispute as to whether the plaintiff is entitled to $184 or to only $92 is over the following clause in the policy:

"One-quarter of the above mentioned benefit is payable if death occur within six calendar months from date hereof; one-half after six months and the full amount if death occur one year thereafter."

The expression "one year thereafter" means one year after the date of the policy. The question is whether the death, which occurred on the 5th day of February, 1935, occurred one year after the 5th day of February, 1934. Of course, if the policy did not go into effect until midnight on the 5th day of February, 1934, and if, therefore, the "one year thereafter" should be reckoned from the end of the 5th day of February, 1934, the "one year thereafter" did not end until the end of the 5th day of February, 1935. But it is admitted that the policy was in force on the 5th day of February, 1934, from the moment it was issued. In fact, the first one of the "Conditions" stated in the policy is this: "No obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured be alive and in sound health." That means that the policy was in force on the date thereof, the 5th day of February, 1934; which means that the policy had been in force a year at the expiration of the 4th day of February, 1935, because there cannot be two 5ths of

February—or duplicates of any day of the month or year—in the period of one year.

Our understanding of the expression, "One-quarter of the above mentioned benefit is payable if death occur within six calendar months from date hereof; one-half after six months and the full amount if death occur one year thereafter," is this: That the policy was for $46 during the first six months in which it was in force, and was for $92 during the next six months, and was for $184 thereafter. The wording leaves no doubt that in order for the benefit to have been only $46 the death would have had to occur "within six calendar months from the date" of the policy. Accordingly, in order for the benefit to be $92 the death would have had to occur within one year from the date of the policy. There is no difference between the terms "from the date of the policy" and "after the date of the policy." The Court of Appeal construed the expression "one year thereafter" as meaning after one year had elapsed from—and not including—the date of the policy. That would be our understanding of the term "one year thereafter" if the policy itself did not provide that it went into effect on the date which it bore, and if, therefore, the "one year thereafter" had to be computed from the expiration of the date of the policy. But we understand that the expression "after six months," in the paragraph which we are considering, meant after the policy had been in force six months. Accordingly, "one year thereafter" meant after the policy had been in force one year. If we include the 5th day

of February, 1934, this policy had been in force six months at the end of the 4th day of August, 1934, and had been in force one year at the end of the 4th day of February, 1935. The expression "within six calendar months from date hereof" is significant, because the fact that the 5th day of February, 1934, was *within,* or part of, the initial six months in which the policy was in force, makes it impossible for the 5th day of August, 1934, to be *within,* or part of, the initial six months in which the policy was in force, and makes it impossible for the 5th day of February, 1935, to be *within,* or a part of, the initial year in which the policy was in force.

There is another paragraph among the "Conditions" of this policy, which confirms our understanding of the expression "the full amount [is payable] if death occur one year thereafter." The paragraph which we now refer to is this:

"If the insured * * * has had before the date this policy was issued any pulmonary disease, chronic bronchitis, cancer, or disease of the heart, liver or kidneys, or if death results from any of these causes before the policy is in force more than a year, then only one-half of the amount herein specified shall be payable to the beneficiary."

The significant features of the paragraph just quoted are, first, the repetition, virtually, that the policy went into force on "the date this policy was issued," and, second, the declaration that only half of the amount specified would be payable to the beneficiary if death should result from one of the specified causes "before the policy is in force more than a year." That was the same as to say that the whole "amount therein specified" would be payable to the beneficiary if death should result, from any cause whatsoever, when the policy had been "in force more than a year." Including, as a part of the year, the 5th day of February, 1934, this policy was in force more than a year on the 5th day of February, 1935, when the death occurred.

It is suggested, by way of argument for the insurance company, that the policy was in force during only a part of the 5th day of February, 1934, and that the expression in the policy "one year thereafter" meant after one year from the end of that day had expired. It was the insurance company itself, though, that worded the contract so as to make the 5th day of February, 1934, one of the days on which the policy was in force. We doubt that we should deal with the first day to be counted as being only a fractional part of a day, in computing the initial year in which the policy was in force. If we should count the first day on which this policy was in force as being only a fractional part of a day, in computing the initial year in which the policy was in force, it would be unfair to omit the fractional part of the terminal day, up to the time of day at which the policy was issued. If the computation should be made in that way, the result would show that this policy was in force more than a year before the insured died. He died at 11:35 p. m. on the 5th of February, 1935. It would be unreasonable to presume that the policy, which was issued on the 5th of February, 1934,

was issued within the last 25 minutes before midnight that night. We doubt that the hour at which the death occurred is a matter of any importance in this case, however, because the policy, unlike fire insurance policies in that respect, did not state the hour of its going into effect. The Civil Code, in article 2060, declares that, where a term stated in a contract is a month, or a stated number of months, it shall mean the calendar month or months, unless there is some stipulation to the contrary; and in article 2061, the Code declares that, when the term referred to in a contract is a year or a given number of years, the calendar year is presumed to be intended.

■ The attorneys for the insurance company cite the rule, which is stated in articles 180 and 318 of the Code of Practice, to the effect that, whenever the law allows a given number of days in which to take action in a judicial proceeding, the day from which the given number of days is to be counted, is not included in the count; and the delay does not expire until the last one of the given number of days has expired. The reason for that is that the days which the law allows are whole days, and not fractional parts of a day, and hence the number of whole days allowed by the statute must elapse in order for the time to expire. The decisions on that subject are reviewed in Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201, and Mansur v. Abraham, 183 La. 633, 164 So. 421. But that rule is not applicable in computing a term stipulated in a contract. In such cases the first day to be counted is determined by the agree-

ment of the parties to the contract, and, unless it be otherwise stipulated, is subject to such rules as are given in the Civil Code, in articles 2048–2061, section 4 of chapter 4 of title 4, (book 3), "Of Conventional Obligations."

The Court of Appeal rested its ruling in this case mainly upon South Staffordshire Tramways Company, Limited, v. Sickness & Accident Assurance Association, Limited [1891] 1 Q.B. 402, and Walker v. John Hancock Mutual Life Insurance Company (1896) 167 Mass. 188, 45 N.E. 89. In the South Staffordshire Tramways Case, the policy was "for an indemnity against * * * claims * * * for compensation for personal injuries and damage to property caused by vehicles," etc., and the term of the policy was "for twelve calendar months from November 24, 1887." The accident and injuries for which the assurance association was sued occurred on November 24, 1888. The court held that that date was included in the twelve months' term of the policy, because the 24th day of November, 1887, was not included. The author of the opinion said:

"The first question raised is whether or not November 24, 1888, the day on which this event occurred, is included in the period covered by the policy. The insurance being 'for twelve calendar months from November 24, 1887,' obviously either November 24, 1887, or November 24, 1888, must be excluded, for otherwise the period covered would exceed twelve calendar months by one day. I decide without hesitation that the former date is excluded and the latter included. If space were in question, and a mile had to be measured 'from'

a given place, it is obvious that no part of the place could be included in the mile. And, similarly, I cannot but think that, as regards time, 'from' is akin to 'after,' and excludes the date fixed for the commencement of the computation. As was said in argument, had the words been 'for one day from November 24, 1887,' it could not have been contended that November 24, 1887, was itself included. The defendants are, therefore, in my opinion, liable."

It is suggested, by way of argument for the insurance company, that, if this policy had provided for insurance for the term of one year from February 5, 1934, the death of the insured on February 5, 1935, would have been within the term covered by the policy. That would have depended upon the question whether, by the words of the policy, the 5th day of February, 1934, was included in the twelve months' term of the policy. According to the opinion which we have just quoted, if the 5th day of February, 1934, was included, the 5th day of February, 1935, would not be included, in the term of one year.

The Court of Appeal, referring to the clause in this policy declaring that "if death results from any of these [specified] causes before the policy is in force more than a year then only one-half of the amount herein specified shall be payable to the beneficiary," and referring also to the clause declaring that "the full amount [is payable] if death occur one year thereafter," said that there was no difference in the two clauses, in so far as they fixed the time limit of one year. The court (165 So. 881) said: "Both clauses in the policy are substantially the same in so far as the time limit is concerned. 'If death occur one year thereafter,' is, in effect, the same as if 'death results before the policy is in force for more than a year,' in the view which we take of the matter."

It is quite certain that, if the death, in this instance, had resulted from a pulmonary disease, or from chronic bronchitis, cancer, or a disease of the heart, liver or kidneys, the beneficiary under the policy would have been entitled to the full amount, and not "only one-half of the amount herein specified." The reason for that is that the policy was "in force more than a year" when the death occurred—on the 5th day of February, 1935. Now, if this clause which declares that "only one-half of the amount herein specified shall be payable to the beneficiary" if death results from one of the diseases specified before the policy is in force more than a year "has the same meaning, in so far as the time limit is concerned," as the clause which declares that "the full amount [is payable] if death occur one year thereafter," it follows that the death occurred "one year thereafter," that is, after the date of the policy; because it is certain that the policy was "in force more than a year" when the death occurred.

The attorneys for the insurance company construe too rigidly the terms "from date hereof" and "one year thereafter." Strictly speaking, of course, when we calculate a year *from*—or *after*—a given day, we do not include in the calculation the day *from* which or *after* which the year is to run. But the rule is not always applicable. As suggested in the English case

which we have quoted, if a mile had to be measured from a given place no part of the place could be included in the mile. But, if the distance from one city to another is found in a railroad timetable, it is supposed to include the distance from the city limits to the railroad station in each city. To say that a man is wet *from* head *to* foot does not necessarily leave out either his head or his foot. To say that a man reaches the age of majority twenty-one years from, or twenty-one years after, the day or date of his birth does not mean that he must wait until midnight on his twenty-first birthday anniversary before he is of the age of majority. It does not even mean that, on his twenty-first birthday anniversary, he does not reach the age of majority until the time of day at which he was born—twenty-one years before. One who was born at the hour of 11:35 p. m. on the 5th day of February, 1934, will be deemed to be twenty-one years of age immediately after midnight at the end of the 4th day of February, 1955. Ordinarily, therefore, the date which is meant by the expression "one year from date," or "one year after date," is the corresponding day of the corresponding month in the next year.

In Couch's Cyclopedia of Insurance Law, vol. 6, § 1346, pp. 4866, 4867, it is said:

"The question whether a policy 'from' a certain day or date takes effect on that day or date for the purpose of determining the duration of the term thereof, that is, whether the specified day or date should be excluded or included, is not settled, nor can a rule which will be generally accepted be stated; at least, this is the inference drawn from the decided cases. * * *

"In regard to intent, the general rule on the exclusion or inclusion of the day, so far as it is possible to formulate one, seems to be that the question is, in the absence of some governing statute, one of construction, dependent upon the intent of the parties, evidenced and deducible from the contract and attendant circumstances, so far as the latter are admissible in evidence."

We regret that we cannot reconcile our ruling in this case with the decision in Walker v. John Hancock Mutual Life Insurance Company. We do not rest our decision upon a different or peculiar method of calculating a year *from* or *after* a given date, but rest it upon the two clauses in this policy, which, taken together, mean that the whole benefit, $184, was payable if death occurred after the policy had been in force more than a year, and upon the statement made and repeated in the policy that it was in force on the day or date on which it was written.

The judgment of the Court of Appeal is set aside, and the judgment of the First city court, section B, is reinstated and affirmed, at the cost of the respondent, Louisiana Industrial Life Insurance Company.